UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No: 1:16-mj-406 |
| ) | |
| ANDREW OTTO BOGGS ) | |
| (a/k/a "INCURSIO") ) | |
| ) | |
| & ) | **UNDER SEAL** |
| ) | |
| JUSTIN GRAY LIVERMAN ) | |
| (a/k/a "D3F4ULT") ) | |
| ) | |
| Defendants. ) | |

GOVERNMENT'S MOTION TO SEAL ARREST WARRANTS, CRIMINAL COMPLAINT, AND AFFIDAVIT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the arrest warrants, complaint, and affidavit in support of the complaint and arrest warrants, until both defendants are arrested or until motion of the government to unseal (whichever occurs first).

I.      **REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The Federal Bureau of Investigation has been investigating a hacking and identity theft conspiracy to commit various offenses against the United States, in violation of 18 U.S.C. § 371, with the objects of false personation of a United States officer or employee (a violation of 18 U.S.C. § 912), aggravated identity theft (a violation of 18 U.S.C. § 1028A), unauthorized access to a computer and related fraud acts (a violation of 18 U.S.C. §1030(a)), false information and hoaxes (a violation of 18 U.S.C. § 1038), and making harassing telephone calls (a violation of 47 U.S.C. §§ 223), among others.  Investigation has shown that this conspiracy spans at least

two continents and involves multiple targets.

2. Premature disclosure of the specific details of and charges against the defendants could jeopardize an ongoing criminal investigation, harm the government's ability to locate and arrest the defendants, and may lead to the destruction or tampering of evidence. Disclosure of the complaint and affidavit in support of the complaint would also provide the defendants and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavit in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The arrest warrants, complaint, and supporting affidavit would need to remain

sealed until the defendants are both arrested or the government otherwise determines that the unsealing is appropriate and makes a motion for that purpose.

5. In the event that both defendants are arrested, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such. Otherwise, the United States will move to unseal the sealed materials as soon as sealing is no longer necessary.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the arrest warrants, complaint, supporting affidavit, and this Motion to Seal and proposed Order be sealed until further Order of the Court. Notwithstanding this request, the United States asks to provide copies of the arrest warrants, complaint, and supporting affidavit as necessary to execute the arrests warrants, including to foreign governments and law enforcement authorities.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: /s/ Maya D. Song
Maya D. Song
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
maya.song@usdoj.gov

3