FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

2016 SEP 30  P 2: 41

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW OTTO BOGGS<br>(a/k/a "INCURSIO")<br><br>&<br><br>JUSTIN GRAY LIVERMAN<br>(a/k/a "D3F4ULT"),<br><br>Defendants. | Criminal No. 1:16-MJ-406 |

## JOINT MOTION TO EXTEND TIME FOR INDICTMENT

The United States, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, Maya D. Song and Jay V. Prabhu, Assistant United States Attorneys, with the express consent of the defendants ANDREW OTTO BOGGS and JUSTIN GRAY LIVERMAN, respectfully moves this Honorable Court to extend the time to indict this case for 45 days through and including November 22, 2016. In support thereof, the parties state as follows:

1.  On September 8, 2016, defendants BOGGS and LIVERMAN were arrested in North Carolina on charges of conspiracy to falsely impersonate government officers, commit aggravated identity theft, commit computer fraud, perpetrate false information and hoaxes, and make harassing telephone calls. Later that day, BOGGS made his initial appearance in the U.S. District Court for the Western District of North Carolina, and LIVERMAN made his initial appearance in the U.S. District Court for the Eastern District of North Carolina. Both defendants were released on bond.

2. On September 13, 2016, LIVERMAN made his initial appearance in this Court and was appointed an Assistant Federal Public Defender. His preliminary hearing was set for September 28, 2016, and he was continued out on bond. On September 14, 2016, BOGGS made his initial appearance in this Court and was appointed a CJA-panel attorney. BOGGS waived his preliminary hearing and was continued out on bond.

3. The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, requires, among other things, that an indictment be filed against a defendant within 30 days of his arrest after subtracting all excludable time. The 30-day time period to indict, assuming no excludable time applies, currently expires on October 8, 2016.

4. The parties jointly request an extension of 45 days on the government's time to indict this case. Granting this 45-day extension would be in the best interests of justice in that it would give the defense additional time to review discovery materials, meet with defendants (who live out of state), and engage in plea negotiations. The government will provide early discovery to defendants and the parties intend to engage in plea negotiations in hopes of resolving this case.

5. Counsel for defendant BOGGS has explained to defendant his rights, and BOGGS has agreed to waive any objections under the Speedy Trial Act with respect to the requested extension, and to extend the government's time to indict this case for 45 days, up to and including November 22, 2016.

6. BOGGS expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and BOGGS in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against BOGGS during or after the time period covered by this waiver.

7. By his signature below, defendant BOGGS represents to this Honorable Court that he hereby knowingly, intelligently, and voluntarily waives his right to indictment within thirty days insofar as he requests the aforementioned extension.

8. Counsel for defendant LIVERMAN has explained to defendant his rights, and LIVERMAN has agreed to waive any objections under the Speedy Trial Act with respect to the requested extension, and to extend the government's time to indict this case for 45 days, up to and including November 22, 2016.

9. LIVERMAN expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and LIVERMAN in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against LIVERMAN during or after the time period covered by this waiver.

10. By his signature below, defendant LIVERMAN represents to this Honorable Court that he hereby knowingly, intelligently, and voluntarily waives his right to indictment within thirty days insofar as he requests the aforementioned extension.

WHEREFORE, the parties request that the time to indict this case be extended to and including November 22, 2016, and that such time be excluded in computing the time within which an indictment must be filed pursuant to 18 U.S.C. § 3161(h).

Date: Sept. 30, 2016

Respectfully submitted,

Dana J. Boente
United States Attorney

By: /s/ Maya D. Song
Maya D. Song
Jay V. Prabhu
Assistant U.S. Attorneys

JOINT MOTION TO EXTEND TIME FOR INDICTMENT – SEEN AND AGREED TO BY:

_____  
Jeff Zimmerman, Esq.  
Counsel for Defendant BOGGS

*Andrew Boggs*  
ANDREW BOGGS  
Defendant

Page 4

JOINT MOTION TO EXTEND TIME FOR INDICTMENT – SEEN AND AGREED TO BY:

_____          _____
Cadence Mertz, Esq.                                           JUSTIN LIVERMAN
Counsel for Defendant LIVERMAN              Defendant