# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> : |
| v | : <br> : Case No: 1:16MJ406 <br> : |
| ANDREW BOGGS | : <br> : <br> : |

## CONSENT MOTION FOR LIMITED AMENDMENT OF MR. BOGGS' CONDITIONS OF PRE-TRIAL RELEASE

Comes now the defendant, ANDREW BOGGS, by and through counsel, and moves this Court for a limited amendment of the condition of his pre-trial release governing computer use. Specifically, the defense requests that Mr. Boggs be permitted to use his computer to communicate with defense counsel via email in order to assist in the preparation of his defense and for use incident to attending community college. Undersigned counsel has conferred with the government, which consents to this request. A similar request has been granted by this Court (J. Anderson) for similarly situated co-defendant Justin Gray Liverman. *See Consent Motion for Limited Amendment of Mr. Liverman's Conditions of Pre-Trial Release* (Doc 29) (10/11/16); *Order* (Doc. 30) (10/12/16).

On September 8, 2016, Mr. Boggs appeared in the United States District Court for the Western District of North Carolina pursuant to the instant case and was released on a $25,000 unsecured bond. On September 14, 2016, he appeared in this Court, which added the following conditions: "1. Defendant may not access the internet for any reason. [and] 2. Pretrial services shall monitor computer." *See Order* (Doc. 22) (9/15/16).

Supervision was transferred to the Western District of North Carolina. Undersigned counsel has learned that, contrary to this Court's order, no monitoring software was installed. Instead, that office requested this Court to add a "no computer" condition for the residence in which Defendant Andrew Boggs lives with his parents and sister. Mr. Boggs opposed this request. *See Defendant's Objection To Request For Bond Modification* (Doc 31) (10/28/16). This Court ordered that "Defendant may not have/ possess any computers in his residence." *See Order* (Doc 32) (10/28/16).

Defendant's computer was taken out of his room and turned off following a home assessment on September 13, 2016. There remains a computer in his father's room[1] and one in his sister's room.[2] As of the October 28, 2016 modification, he has not accessed any computers in the residence. Counsel has been informed that the probation office intends to take the remaining computers out of the house, even though Defendant does not have or possess a computer in that house.

---

[1] Defendant's father uses the computer to pay bills online. It contains the financial records of the family. The is absolutely no justification to seize this computer (which is not Defendant's and which he does not use), thereby making it difficult for the family to manage their finances and pay their bills. Defendant's father has nothing to do with the instant allegations.

[2] Similarly, Defendant does not use or have access to his sister's computer. It is unfair to her to seize her computer as she has nothing to do with the instant allegations.

Permitting Andrew Boggs to use this computer to communicate with defense counsel is reasonable and necessary because counsel's distance from Mr. Boggs makes in-person meetings difficult to arrange, costly and inefficient. Mr. Boggs resides with his family in North Wilkesboro, North Carolina. The government charged him over 350 miles away in Alexandria, Virginia. The driving distance between Mr. Boggs' home and this Court (as well as defense counsel's Alexandria office) is nearly six hours.

Due to the distance, email is the most efficient and effective way for defense counsel to communicate with Mr. Boggs, particularly with respect to documents. In addition, Mr. Boggs may have relevant materials that he wishes to share with defense counsel for purposes of consultation and preparing his defense. It is more efficient for Mr. Boggs to forward these materials via email than to print them out and mail them.

Moreover, Mr. Boggs had planned to start attending Wilkes Community College, both live classes and online courses. He will need a computer to advance his education. Accordingly, the defense respectfully requests that this Court modify Mr. Boggs conditions of pre-trial release for the limited purpose of permitting him to use his computer to communicate with counsel via email and to attend Wilkes Community College. The defense additionally requests that any communications between Mr. Boggs and undersigned counsel be exempt from monitoring or review by Pre- trial Services because they are subject to the attorney-client communication and work product privileges.

As noted above, co-defendant Justin Liverman has been granted a modification in which he is specifically allowed to use the internet for the purposes of contact with counsel and to further his education. *See Consent Motion For Limited Amendment Of Mr. Liverman's Conditions Of Pre-Trial Release* (Doc. 29) (10/11/16); *Order* (Doc. 30) (10/12/16). The government consented to this request on the co-defendant's behalf, *see Consent Motion* (Doc. 29) at 2, and has indicated it would take a similar position on such a request from Mr. Boggs.

A proposed Order for the Court is attached. This Order is similar to the Order for Mr. Liverman, with the addition of the removal of the condition that Defendant Boggs not posses a computer.

                                              Respectfully Submitted,

                                              ANDREW BOGGS
                                              By Counsel

_____/s/_____
Jeffrey D. Zimmerman, Esq.
Jeffrey Zimmerman, PLLC
VA Bar #38858
108 N. Alfred St.
Alexandria, VA 22314
Tel: (703) 548-8911
Fax (703) 548-8935
zimpacer@gmail.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November 2016, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record and served by email on United States Probation Officer Rachael E. Meyer.

_____/s/_____
Jeffrey D. Zimmerman, Esq.
Jeffrey Zimmerman, PLLC
VA Bar #38858
108 N. Alfred St.
Alexandria, VA 22314
Tel: (703) 548-8911
Fax (703) 548-8935
zimpacer@gmail.com